**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY, a corporation;** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | **(Pursuant to Rule 9(h) of the Federal** |
| | § | **Rules of Civil Procedure)** |
| **CHINESE-POLISH JOINT STOCK SHIPPING COMPANY, an entity of unknown form, *in personam*, and CHIPOLBROK AMERICA, INC., a corporation, *in personam*;** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | **IN ADMIRALTY** |
| | § | |

## COMPLAINT

Plaintiff, ZURICH AMERICAN INSURANCE COMPANY, files this Complaint against Defendants, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY, and CHIPOLBROK AMERICA, INC., and states the following in support thereof:

1.     This action is against the Defendants, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY and CHIPOLBROK AMERICA, INC., as ocean carriers governed under the Carrier of Goods by Sea Act ("COGSA"), 46 U.S.C. 30701, *et seq.*, for loss and damage to maritime cargo arising from tort, bailment and/or breach of contract. Accordingly, this Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1). To the extent that Plaintiff may raise additional claims relating to this matter under the laws of the state of Florida, the Court has supplemental jurisdiction of Plaintiff's claims against Defendants under 28 U.S.C. §1367 because they are so related to the other claims in this action within the Court's original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution.

2.      Plaintiff, Zurich American Insurance Company ("ZURICH") is a New York corporation with its principal place of business in the State of Illinois. ZURICH brings this action as a subrogee of Commercial Metals Company ("CMC") which, at all material times, owned the subject cargo.

3.      Defendant, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY is a foreign entity which is not organized under the laws of Florida or any other U.S. state, but is engaged in business as a common carrier of goods for hire within the United States and within this judicial district. Upon information and belief, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY conducts business within the United States and this judicial district under its own name, as well as under the name of its wholly-owned subsidiary, CHIPOLBROK AMERICA, INC.

4.      Upon information and belief, Defendant, CHIPOLBROK AMERICA, INC., is an entity organized under the laws of Texas, is a wholly-owned subsidiary of CHINESE-POLISH JOINT STOCK SHIPPING COMPANY, and is also engaged as a common carrier of goods for hire in its own name within the United States and within this judicial district.

5.      Defendants, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY and CHIPOLBROK AMERICA, INC. (collectively "CHIPOLBROK"), are subject to personal jurisdiction in this Court by engaging in systematic, continuous, and not isolated business activities within the state of Florida and other areas of the United States. Further, Defendants are subject to the jurisdiction of this Court and the Courts of Florida by virtue of one or more of the following: (1) engaging in a business venture in Florida by carrying cargo aboard vessels to and from Florida; (2) operating and/or managing vessels in Florida's navigational waters; (3)

entering into charter parties, bills of lading and/or other contracts of carriage in Florida; (4) entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Florida; (5) committing a tortious action within the state; and/or (6) breaching a contract by failing to perform acts required by the contract to be performed in this state. Upon information and belief, Defendants also jointly maintain agents for the facilitation of their collective business activities within the state of Florida.

6.      Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) 1391(b)(3),  as a substantial part of the events or omissions giving rise to this claim occurred within this district, and there is no other venue in which this action may be brought.

7.      At all times material, the M/V ADAM ASNYK was an oceangoing vessel identified by Callsign 5BVC2, and bearing International Maritime Organization No. 9432115, weighing approximately 24,115 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States, including, without limitation, the Port of Tampa, Florida.

8.      At all times material, CHIPOLBROK owned, chartered, managed and/or operated the M/V ADAM ASNYK as a common carrier of goods by water for hire between various international ports, including the Ports of Koh Srichang, Thailand, and Tampa, Florida.

9.      On or about February 14, 2013, CMC's shipper(s) tendered in good order and condition to Defendants at Koh Srichang, Thailand, a cargo of prime newly produced carbon steel ERW, BPE, GPE, and GTC pipe (the "Cargo").  Defendants agreed to safely receive, handle, load, stow, secure, carry, discharge and deliver at Tampa, Florida, the Cargo in the same good order and condition and, accordingly, therewith, issued Bill of Lading CPJQAS17KSCTAM02 relating to the shipment of the subject, free of exceptions or other notations for loss or damage to the Cargo, and noting that the Cargo was "clean on board."

10.     Thereafter, on or about May 3, 2013, the M/V ADAM ASNYK arrived in Tampa where Defendants discharged and delivered the Cargo, not in the same good order and condition as when shipped but, to the contrary, part of the Cargo was rusted, flattened, crushed, dented, compressed, and otherwise physically damaged.  The damages and losses proximately resulted from the Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.

11.     Plaintiff paid CMC and/or is or will be obligated to pay for the loss of the Cargo under an insurance policy and is and/or will be contractually and legally subrogated to CMC's interest(s) in the Cargo.  Plaintiff brings this action for itself, CMC, and, as necessary for every person or entity that is or may become interested in the Cargo.  By reason of the premises and as presently can be determined, Plaintiff has sustained damages in the amount of approximately *$17,995.26*, plus interest dating from May 3, 2013, demand for which has been made upon Defendants but which they refuse to pay.

12.     All conditions precedent to the filing of this suit, including, but not limited to, compliance with the applicable statute of limitations, have been satisfied and/or waived by the Defendants. Specifically, with respect to the applicable limitations period, on April 15, 2014, Defendants agreed to an extension of up to and including August 1, 2014, for Plaintiff to bring this action.

WHEREFORE, Plaintiff prays that process in due form of law, according to the practices of this Honorable Court, in causes of admiralty and maritime jurisdiction, be issued against the Defendants, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY and CHIPOLBROK AMERICA, INC., and that Defendants be cited to appear and answer, under oath, all and

singular, the matters aforesaid; that Plaintiff have judgment for its damages, interest and costs; and that this Honorable Court adjudge that Defendants, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY and CHIPOLBROK AMERICA, INC. are liable to Plaintiff, for damages in the amount of *$17,995.26*, pre-judgment interest, post-judgment interest, court costs and all other relief as justice and equity may allow.

Dated this <u>18th</u> day of July, 2014.

Respectfully submitted,

<u>/s/ Justin N. Shindore</u>
Scott P. Yount, FBN: 0021352
Justin N. Shindore, FBN: 0085396
Garrison, Yount, Forte & Mulcahy, L.L.C.
601 Bayshore Blvd., Suite 800
Tampa, Florida 33606-2760
Phone: 813-275-0404
Fax: 813-275-0304
E-mail: eservice@garrisonyount.com
Attorneys for ZURICH AMERICAN
INSURANCE COMPANY